IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., 9220 Sunset Boulevard, Suite 315 Los Angeles, California 90069 | : : : : Civil Action No. __1:07cv451_____ |
| Plaintiff, | : Dlott |
| v. | : |
| FIFTH THIRD BANCORP 38 Fountain Square Plaza Fifth Third Center Cincinnati, Ohio 45263 | : COMPLAINT FOR PATENT INFRINGEMENT : DEMAND FOR JURY TRIAL : |
| FIFTH THIRD BANK 38 Fountain Square Plaza Fifth Third Center Cincinnati, Ohio 45263 | : : : |
| FIFTH THIRD BANK (CENTRAL OHIO) 38 Fountain Square Plaza Fifth Third Center Cincinnati, Ohio 45263 | : : : |
| HUNTINGTON BANCSHARES INCORPORATED 41 South High Street Columbus, Ohio 43287 | : : : |
| THE HUNTINGTON NATIONAL BANK 41 South High Street Columbus, Ohio 43287 | : : : |
| THE HUNTINGTON INVESTMENT COMPANY 41 South High Street Columbus, Ohio 43287 | : : : : |

460096.1

1

**COMPLAINT FOR PATENT INFRINGEMENT**

| | |
|---|---|
| HUNTINGTON INSURANCE AGENCY SERVICES, INC.<br>41 South High Street<br>Columbus, Ohio 43287<br><br>SKY FINANCIAL SERVICES, INC.<br>221 South Church Street<br>P.O. Box 428<br>Bowling Green, Ohio 43402<br><br>AND SKY BANK,<br>10 East Main Street<br>Salineville, Ohio 43945<br><br>         Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") states as follows for its complaint against: Fifth Third Bancorp, Fifth Third Bank, Fifth Third Bank (Central Ohio), Huntington Bancshares Incorporated, The Huntington National Bank, The Huntington Investment Company, Huntington Insurance Agency Services, Inc., Sky Financial Services, Inc. and Sky Bank:

## THE PARTIES

1.     Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

2.     On information and belief, Defendant Fifth Third Bancorp is an Ohio corporation with its principal place of business at 38 Fountain Square Plaza, Fifth Third Center, Cincinnati, Ohio 45263.

3.     On information and belief, Defendant Fifth Third Bank is (a) an Ohio corporation with its principal place of business at 38 Fountain Square Plaza, Fifth Third Center, Cincinnati, Ohio 45263 and (b) a subsidiary of Fifth Third Bancorp.

4. On information and belief, Defendant Fifth Third Bank (Central Ohio) has a principal place of business at 38 Fountain Square Plaza, Fifth Third Center, Cincinnati, Ohio 45263.

5. On information and belief, Defendant Huntington Bancshares Incorporated is a Maryland corporation with its principal place of business at 41 South High Street, Columbus, Ohio 43287.

6. On information and belief, Defendant The Huntington National Bank is (a) a national banking association with its principal place of business at 41 South High Street, Columbus, Ohio 43287 and (b) a subsidiary of Huntington Bancshares Incorporated.

7. On information and belief, Defendant The Huntington Investment Company is an Ohio corporation with its principal place of business at 41 South High Street, Columbus, Ohio 43287 and (b) a subsidiary of Huntington Bancshares Incorporated.

8. On information and belief, Defendant Huntington Insurance Agency Services, Inc. is an Ohio corporation with its principal place of business at 41 South High Street, Columbus, Ohio 43287 and (b) a subsidiary of Huntington Bancshares Incorporated.

9. On information and belief, Defendant Sky Financial Services, Inc. is an Ohio corporation with its principal place of business at 221 South Church Street, P.O. Box 428, Bowling Green, Ohio 43402.

10. On information and belief, Defendant Sky Bank is (a) an Ohio-chartered bank with its principal place of business at 10 East Main Street, Salineville, Ohio 43945 and (b) a subsidiary of Sky Financial Services, Inc.

## JURISDICTION AND VENUE

11. This is an action arising under the patent laws of the United States, 35 U.S.C. sections 101 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1338(a).

12. Defendants Fifth Third Bancorp, Fifth Third Bank, and Fifth Third Bank (Central Ohio) (collectively "Fifth Third Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are organized under the laws of the State of Ohio and have their principal places of business in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems that are available to their customers, including customers in this district; and (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

13. Defendants Huntington Bancshares Incorporated, The Huntington National Bank, The Huntington Investment Company, Huntington Insurance Agency Services, Inc., Sky Financial Services, Inc., and Sky Bank (collectively "Huntington Bank Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are organized under the laws of the State of Ohio; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems that are available to their customers, including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

14. Venue is proper in this judicial district under 28 U.S.C. sections 1391(c) and 1400(b) because the Defendants are organized, reside and/or engage in significant business activities in this district as set forth in Paragraphs 12 and 13 above.

## BACKGROUND

15. Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit. Mr. Katz has been widely recognized as one

of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

16. In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

17. Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange. Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

18. Mr. Katz's inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

19. The first of Mr. Katz's interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call-processing field, including each of the patents-in-suit.

20. In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions. The American Express business unit involved in this joint venture later became known as First Data.

21. Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

22. Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

23. Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

24. In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

25. The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over one hundred fifty companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Pacific Gas & Electric Company, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network. These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

26. Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

## THE ASSERTED PATENTS

27. On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 (the "'968 Patent") to Ronald A. Katz for an invention entitled "Statistical Analysis System for Use With Public Communication Facility." The '968 Patent expired on December 20, 2005.

28. On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 (the "'150 Patent") to Ronald A. Katz for an invention entitled "Telephonic Interface Control System." The '150 Patent expired on December 20, 2005.

29. On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 (the "'984 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

30. On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 (the "'252 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

31. On October 19, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,255,309 (the "'309 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '309 Patent expired on December 20, 2005.

32. On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 (the "'285 Patent") to Ronald

A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '285 Patent expired on December 20, 2005.

33. On October 1, 1996, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,561,707 (the "'707 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '707 Patent expired on December 20, 2005.

34. On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 (the "'863 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '863 Patent expired on December 20, 2005.

35. On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 (the "'551 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '551 Patent expired on December 20, 2005.

36. On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 (the "'734 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

37. On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 (the "'893 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '893 Patent expired on December 20, 2005.

38. On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 (the "'120 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

39. On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 (the "'021 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '021 Patent expired on December 20, 2005.

40. On March 28, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,044,135 (the "'135 Patent") to Ronald A. Katz for an invention entitled "Telephone-Interface Lottery System." The '135 Patent expired on July 10, 2005.

41. On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 (the "'065 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '065 Patent expired on July 10, 2005.

42. On January l, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 (the "'965 Patent") to Ronald A. Katz for an invention entitled "Voice-Data Telephonic Interface Control System." The '965 Patent expired on December 20, 2005.

43. On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 (the "'134 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '134 Patent expired on December 20, 2005.

44. On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 (the "'223 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '223 Patent expired on July 10, 2005.

45. On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 (the "'360 Patent") to Ronald A.

Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '360 Patent expired on July 10, 2005.

## FIRST CLAIM
### (Patent Infringement by the Fifth Third Defendants)

46.     Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-45 of this Complaint as if fully set forth herein.

47.     The Fifth Third Defendants provide banking and financial services and products to customers in Ohio and other states.

48.     On information and belief, the Fifth Third Defendants use infringing call processing systems to offer automated banking and mutual fund information to their customers and shareholder information to Fifth Third Bancorp's shareholders.  Using at least one automated system, in some instances in connection with operators, the Fifth Third Defendants allow their customers and/or shareholders to access information about their accounts, request account balance statements, transfer funds between accounts, issue stop payments on checks, obtain information about interest or dividends paid, access various mutual fund quotes, pay bills, and perform various other functions.

49.     Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '285, '309, '360, '551, '707, '734, '863, '893, '965, '968 and '984 Patents.

50.     On information and belief, in their automated customer service operations described in Paragraph 48 (collectively, the "Accused Fifth Third Services"), the Fifth Third Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of the patents identified in Paragraph 49 of this Complaint by making, using, offering to sell, or selling the Accused Fifth Third Services.

51.     On information and belief, the Fifth Third Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more

claims of the '120, '734 and '984 Patents by making, using, offering to sell, or selling the Accused Fifth Third Services.

52. The Fifth Third Defendants' infringement of the patents identified in Paragraph 49 of this Complaint has been and is willful.

53. The Fifth Third Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## SECOND CLAIM
### (Patent Infringement by the Huntington Bank Defendants)

54. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-53 of this Complaint as if fully set forth herein.

55. The Huntington Bank Defendants provide banking, financial and insurance products and services to customers in Ohio and other states.

56. On information and belief, the Huntington Bank Defendants use infringing call processing systems to offer automated banking and other services to their customers. Using an automated system, in some instances in connection with operators, the Huntington Bank Defendants allow their customers to access information about their accounts, transfer funds between accounts, stop payment of checks, order copies of cleared checks, arrange and manage bill payments, order checks, report a lost or stolen check or ATM card, and perform various other functions.

57. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '021, '065, '120, '134, '135, '150, '223, '252, '285, '360, '551, '707, '734, '863, '893, '965, '968 and '984 Patents.

58. On information and belief, in their automated customer service operations described in Paragraph 56 (collectively, the "Accused Huntington Bank Services"), the Huntington Bank Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the

patents identified in Paragraph 57 of this Complaint by making, using, offering to sell, or selling the Accused Huntington Bank Services.

59. On information and belief, the Huntington Bank Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734 and '984 Patents by making, using, offering to sell, or selling the Accused Huntington Bank Services.

60. The Huntington Bank Defendants' infringement of the patents identified in Paragraph 57 of this Complaint has been and is willful.

61. The Huntington Bank Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, Ronald A. Katz Technology Licensing, L.P., respectfully requests that this Court enter judgment in its favor and against the defendants and grant the following relief:

1. Adjudge that the Fifth Third Defendants have been and are infringing one or more claims of the patents identified in Paragraph 49 of this Complaint by offering the Accused Fifth Third Services;

2. Adjudge that the Fifth Third Defendants' infringement has been and is willful;

3. Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Fifth Third Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '734 and '984 Patents;

4. Order an accounting for damages resulting from the Fifth Third Defendants' infringement of the patents identified in Paragraph 49 of this Complaint;

5.	Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Fifth Third Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

6.	Enter an order, pursuant to 35 U.S.C. § 284, and based on the Fifth Third Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Fifth Third Defendants;

7.	Adjudge that the Huntington Bank Defendants have been and are infringing one or more claims of the patents identified in Paragraph 57 of this Complaint by offering the Accused Huntington Bank Services;

8.	Adjudge that the Huntington Bank Defendants' infringement has been and is willful;

9.	Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Huntington Bank Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734 and '984 Patents;

10.	Order an accounting for damages resulting from the Huntington Bank Defendants' infringement of the patents identified in Paragraph 57 of this Complaint;

11.	Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Huntington Bank Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

12.	Enter an order, pursuant to 35 U.S.C. § 284, and based on the Huntington Bank Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Huntington Bank Defendants;

13. Enter an order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Katz Technology Licensing its reasonable attorneys' fees incurred in this action; and

14. Award such other relief as the Court may deem appropriate and just under the circumstances.

DATED: June 6, 2007

Respectfully submitted,

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000
Fax 650.324.0638

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000
Fax 415.772.6268

By: _____
Donald J. Rafferty (0042614)
Cohen, Todd, Kite & Stanford, LLC
250 East Fifth Street, Suite 1200
Cincinnati, Ohio 45202
Phone: (513) 421-4020
Fax: (513) 241-4495
Email: drafferty@ctks.com
Attorneys for Plaintiff
RONALD A. KATZ TECHNOLOGY
LICENSING, L.P.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. R. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

_____
Donald J. Rafferty